Smith, Judge,
 

 delivered the opinion of the court:
 

 The Trademark Trial and Appeal Board (131USPQ 206) dismissed a Notice of Opposition filed by appellant Boyal Crown Cola, against appellee’s application
 
 [1]
 
 to register the trademark “GINI” for use on “Soft Drink Beverages”. Appellant based its opposition on its prior use and registrations
 
 [2]
 
 of the trademark “NEHI” for non-alcoholic, maltless beverages sold as soft drinks and syrups and extracts for making the same.
 

 
 *907
 
 The goods of the parties are identical, both comprising soft drink beverages. Appellant’s priority of use is established by the record. The basic issue here is whether there is likelihood of confusion, mistake or deception of purchasers within the meaning of Section 2(d) of the Lanham Act (15 U.S.C. 1052(d)) when the trademark “GINI” is used by appellee on soft drinks.
 

 Appellant’s position here, as it was before the Trademark Trial and Appeal Board, is aptly summarized in the board’s opinion as follows: '
 

 Coined arbitrary marks, sneb as those here involved, are more difficult to retain in mind and, therefore, are more likely to be confused than marks comprised of everyday words of speech; one cannot ascertain with any degree of certainty the manner in which such marks will he pronounced by purchaser; applicant’s mark “GINI” is susceptible of being pronounced as though it were “GEE-NIGH”; when so pronounced, it bears such a strikingly similarity in sound to opposer’s marke “NEHI” that the marks “would be practically idem sonans” and hence likely to be confused in use.
 

 We have carefully considered appellant’s position as so stated and have compared the marks in issue. They do not look alike. As coined words they have little meaning except as marks identifying the source of the goods to which they are applied. They do not sound alike when pronounced as we think they are likely to be pronounced. As pointed out in appellee’s brief:
 

 Appellant asks this court to consider appellee’s mark as being pronounced “Gee-Nigh”.' It is perhaps susceptible to such pronunciation in the same way that “Ghoti” is susceptible to being pronounced “fish” (the “gh” as in
 
 “laugh",
 
 the “o” as in “women”, and the “ti” as in “naíion”); this is, however, an improper pronunciation and a highly unlikely pronunciation. In the English language, “gin” is pronounced “jin” (as in ginger) or “gin”
 
 (begin).
 
 Reference to any standard dictionary of the English language (such as
 
 Webster's New International Dictionary of the English Language, Second, Edition Unabridged,
 
 1954, page 1058) will reveal that all of the English words beginning with “gin” are pronounced as beginning with “gin” or “jin”. Appellant offers no explanation for its conclusion that the purchasing public would adopt a pronunciation of “GINI” for which there is no precedent in the English language, and which is entirely contrary to the conditioning of the purchasing public.
 

 The Trademark Trial and Appeal Board in rendering its opinion noted that the appellant’s suggested pronunciation of “GINI” as “gee-nigh” would not be “at all likely”. The board also expressed its opinion that even if appellee’s mark were pronounced “gee-nigh”, it would differ sufficiently in sound from “NEHI” to obviate any reasonable likelihood of purchaser confusion, mistake or deception.
 

 In the appellant’s Notice of Appeal filed October 24, 1961, and in Appellant’s Brief, appellant complains that the board errer “in failing to consider or follow the prior decisions of the Patent Office” in
 
 *908
 

 Nehi Corporation
 
 v.
 
 Mid-Western
 
 Beverages,
 
 Inc.
 
 (Examiner of Interferences, May 4, 1948), Opposition No. 25,472 (unreported), and
 
 Nehi Corporation
 
 v.
 
 Midwestern Beverage
 
 Laboratories,
 
 Inc.
 
 (Ex. Intf., March 30, 1950), Opposition No. 27,657 (unreported).
 

 We note that these decision are those of the Examiner of Interferences and therefore are not binding as precedents.
 

 We agree with the Trademark Trial and Apepal Board that confusion, mistake or deception of purchasers would be unlikely by reason of appellee’s use of its mark “GrINI” on soft drinks.
 

 [1]
 

 Ser. No. 79,353, filed Aug. 11, 1959.
 

 [2]
 

 Reg. No. 556,003, Issued Mar. 11, 1952; Reg. No. 553,227, Issued Jan. 8, 1952; and Reg. No. 207,317, Issued Dec. 29, 1925.